IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUSSEL J. DUSEK,<br><br>        Plaintiff,<br><br>   v.<br><br>UNION PACIFIC RAILWAY CO.,<br><br>        Defendant. | Case No. 17 C 1754<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Defendant Union Pacific Railway Company moves for summary judgment on all claims brought against it by Plaintiff Russel J. Dusek. For the reasons stated herein, Defendant's Motion (Dkt. No. 22) is granted.

### I. BACKGROUND

This case arises from injuries Plaintiff Russel J. Dusek ("Dusek") sustained while working for Defendant Union Pacific Railroad Company. Dusek worked for Defendant as a utility man and a switchman/conductor from 1991 to 2014. (Pl.'s Resp. to Def.'s Stmt. of Facts ("Railroad SOF") ¶ 5, Dkt. No. 35.) When his seniority would allow, Dusek opted to work in the "Proviso"—the intermodal half of the railroad yard handling switching procedures for rail operations. (Railroad SOF ¶ 6.) This job required Dusek to jump off moving equipment and land on big rocks (ballast).

(Def.'s Resp. to Pl.'s Stmt. of Facts ("Dusek SOF") ¶ 3, Dkt. No. 37.) At some point in 2014, Dusek brought some of these big rocks to Defendant's safety meeting and complained about the difficulty workers had walking on the rocks. (Dusek SOF ¶ 4.) Apparently, Dusek had raised complaints before about work conditions related to the roads and vehicles to his managers starting in the 1990's. (Railroad SOF ¶ 10.) Operating in these conditions caused Dusek pain in his neck and arm, starting from 2001 and worsening every year thereafter. (Railroad SOF ¶ 11.) From 2010 to 2012, Dusek acknowledges experiencing such pain whenever he had to operate Defendant's equipment. (Railroad SOF ¶ 12.) During this time, Dusek confirmed that there was nothing at home that made him experience the pain and was unable to attribute the pain to anything other than his work. (Railroad SOF ¶ 14.)

Dusek testified that his pain had become a "chronic problem" since 2008. (Dusek Depo., Ex. A to Railroad SOF at 15-16, Dkt. No. 35.) The pain continued to worsen every year thereafter while Dusek continued to work for Defendant. (Railroad SOF ¶ 19.) As his symptoms worsened, Dusek asserted that he has been unable to have a good night's rest since 2012. (Railroad SOF ¶ 20.) Experiencing such symptoms ultimately led Dusek to undergo three cervical spine surgeries, one in 2010, 2012, and 2014. (Railroad SOF ¶¶ 15, 18,

22-25.) All three surgeries were for purpose of treating the "same problem [he had] been having for years." (Dusek Depo. at 104.)

Following the first surgery, Dusek's doctor gave him work restrictions, which led him to perform light duty work for a period. (Railroad SOF ¶ 27.) Before he could resume full duty, Defendant's resident nurse required Dusek to show that his doctor cleared him for full release. (Railroad SOF ¶¶ 29-30.) Dusek did so and ultimately returned to work to perform his regular duties. (Railroad SOF ¶ 28.) The same process occurred after Dusek's 2012 surgery. (Railroad SOF ¶ 33.) After Dusek's third cervical spine surgery, the doctor believed Dusek was unable to return to work because of vocal difficulties — as a switcher in the train system, Dusek's work required oral notification. (Dusek SOF ¶ 21.) The doctor filled out the appropriate disability paperwork, which stated that Dusek's inability to work was due to the vocal problems. (*Id.*) Dusek has not returned to work since that time. (Dusek SOF ¶ 17.)

Dusek alleges that he suffered a "cumulative injury" to his neck, with symptoms "radiating" down his right arm, because of Defendant's negligence. As a result, Dusek brought this suit, claiming: (1) Defendant violated the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60, and (2) Defendant negligently assigned Dusek to perform work. Defendant now moves for summary

judgment as to both claims, arguing that (1) the statute of limitations has run for Dusek's FELA claim, and (2) Dusek cannot establish that Defendant was negligent in assigning Dusek to perform work as a matter of law. Each claim will be discussed in turn.

## II. ANALYSIS

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Liu v. T&H Mach., Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (citation omitted). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

### A.  Count I: FELA Claim

Defendant argues that Dusek's FELA claim is barred by the statute of limitations. A plaintiff cannot maintain a cause of action under FELA "unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. The Seventh

Circuit determined that "a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990) (citing cases). The application of this rule requires an objective inquiry as to whether a diligent plaintiff would have been aware of his injury and its cause. *Id.* (citing *Urie v. Thompson*, 337 U.S. 169, 170 (1949)). A plaintiff need not have actual knowledge of causation for the Court to find that the cause of action has accrued. *Nemmers v. United States*, 795 F.2d 628, 631 (7th Cir. 1986).

Here, Dusek seeks to recover for a non-acute injury, which means that his injury occurred over the course of time from repeated exposure to an allegedly unsafe workplace. Dusek argues that he did not have actual knowledge of his injury until his surgery in 2014; therefore, his claim falls within the three-year statute of limitations requirement. The Court disagrees.

It is well settled that a medical diagnosis is not required for the statute of limitations to start running. *See United States v. Kubrick*, 444 U.S. 111, 123 (1979); *see also Sweatt v. Union Pacific R.R.*, 796 F.3d 701, 708 (7th Cir. 2015) (finding that "a plaintiff cannot wait until he receives a medical diagnosis to begin pursuit of his claim"). The undisputed facts show that Dusek

was well-aware of his injuries long before 2014. In his deposition, Dusek asserted that his symptoms had been "chronic" since 2008, that he had to receive three cervical spine surgeries as a result of the pain in 2010, 2012 and 2014, and he has been unable to sleep from the pain since 2012. Armed with this knowledge, Dusek was aware of his injury well before 2014.

A reasonable, diligent person armed with the facts in Dusek's possession regarding his physical condition and the pain he experienced, also had a duty to investigate the cause of those symptoms long before March of 2014. *Fries*, 909 F.2d at 1095. Dusek testified that his work agitated his pain: jumping on and off moving equipment and walking over the ballast caused him to feel pain in his neck down through his arm. Moreover, Dusek asserted that operating over the roadways caused symptoms in his neck since as early as 2001. These symptoms continued throughout the duration of his employment, and Dusek testified that nothing at home caused him to experience such pain. He was unable to attribute the cause of his pain to anything other than his work. As such, the facts show that Dusek either knew or should have known that his work was the cause for his pain well before 2014. Accordingly, Dusek's FELA claim is barred by the statute of limitations and thus fails as a matter of law.

## B. Count II: Negligent Assignment Claim

Defendant next argues that Dusek can proffer no evidence that Defendant acted negligently is assigning Dusek to perform work. As a railroad, Defendant has the duty to provide a safe workplace. *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996) (citations omitted). That duty includes taking "reasonable precautions to inspect the workplace and protect its employees from possible danger." *Deans v. CSX Transp. Inc.*, 152 F.3d 326, 330 (4th Cir. 1998). Defendant can breach that duty "if it negligently assigns its employee to perform work beyond his or her physical capacity — that is, if the railroad knew or should have known of the employee's diminished work capacity and, in spite of that knowledge, the railroad continues to assign the employee to tasks that it knew or should have known would aggravate his or her physical condition." *Rivera v. Union Pacific R.R. Co.*, 378 F.3d 502, 507 (5th Cir. 2004).

Here, each time Dusek returned to work after a medical procedure, he informed Defendant that his treating physicians released him for full duty work. Dusek does not contend that these physicians were negligent in releasing him to work. Moreover, Dusek fails to argue how Defendant's reliance on the doctors' ultimate decision to release Dusek to work constitutes negligence on Defendant's part. Dusek does not raise any arguments to refute

these points in his response brief—he altogether fails to address this matter. Accordingly, Dusek's negligent assignment claim fails as a matter of law.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment (Dkt. No. 22) is granted.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 2/8/2019